UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RENE AGUIRRE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. **3-05 0589** |
| | ) JUDGE HAYNES |
| CPL. SANDERS, | ) ) |
| Defendant. | ) |

## MEMORANDUM

Plaintiff, Rene Aguirre, is an inmate in the Williamson County Jail (WCJ) in Franklin, Tennessee. Proceeding *in forma pauperis*, Plaintiff brings this *pro se* action under 42 U.S.C. § 1983 against Corporal Sanders, whom Plaintiff asserts was employed at WCJ at the time of the alleged events that gave rise to this action. Plaintiff seeks money damages and injunctive relief, alleging that defendant Sanders violated his rights under the Eighth Amendment.

Owing to its brevity, Plaintiff's claim against defendant Sanders is quoted below in its entirety:

> On May 17, 2005 at 6[:]30 [to] 7:00 pm[,] Cpl. Sanders used excessive force on me. He put his elbow to my chest and pushed me with his hands. I did not present a threat to him or get up in his face. I was just asking for my bus tub. This happens a lot in this jail. There is a lot of discrimination to[o]. This in[c]ident is recorded on DVR. I have seen it. this happened in 304 POD.

(Complaint, ¶ IV, p. 5)

Plaintiff repeats the substance of this claim in four (4) other places on additional sheets of paper attached to the complaint. On the several pieces of paper attached to the complaint, Plaintiff makes additional allegations against WCJ officials identified as Corporal Fierson, Lieutenant Ivey,

1

and Sergeant Sutton. However, none of these individuals is named as a defendant to this action. (Complaint, ¶ III.B, p. 4).

Under the Prison Litigation Reform Act (PLRA), a prisoner is required to exhaust all available administrative remedies before filing a § 1983 action in district court. *See* 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 733 (2001); *Brown v. Toombs*, 139 F.3d 1102, 1103-04 (6th Cir. 1998). The exhaustion requirement of § 1997e(a) is "mandatory," and "prisoners must exhaust [available] grievance procedures before filing suit in federal court even though the . . . remedy sought is not an available remedy in the administrative process." *Wyatt v. Leonard*, 193 F.3d 876, 877-78 (6th Cir. 1999).

Before the district court may adjudicate any claim set forth in a prisoner's complaint, it must determine that the plaintiff has complied with this exhaustion requirement. *Brown*, 139 F.3d at 1004. Not only is a prisoner-plaintiff required to exhaust as to each defendant, *Burton v. Jones*, 321 F.3d 569 (6th Cir. 2003); *Curry v. Scott*, 249 F.3d 493 (6th Cir. 2001); *Thomas v. Woolum*, 337 F.3d 720, 733 (6th Cir. 2003), he must show that he has exhausted every claim presented in his complaint, *Bey v. Johnson and Trierweiler*, 407 f.3d 801, 806 (6th Cir. 2005)(adopting the total exhaustion rule). If a prisoner fails to show that he has exhausted his administrative remedies, his compliant is subject to *sua sponte* dismissal. *Brown*, 139 F.3d at 1004.

The prisoner has the burden of demonstrating that he has exhausted his administrative remedies. *Brown*, 139 F.3d at 1004. To establish that he has exhausted his administrative remedies prior to filing suit, a prisoner should attach to his complaint a copy of any decision demonstrating the administrative disposition of his claims. *See Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Wyatt*, 193 F.2d at 878; *Brown*, 139 F.3d at 1104. However, where no documentation is provided, absent particularized averments regarding the nature of the administrative proceedings and

2

their outcome, the action must be dismissed under § 1997(e). *Knuckles El*, 215 F.3d at 642.

To establish that he has exhausted his administrative remedies, a prisoner-plaintiff must show that he presented his grievance(s) "through one complete round" of the established grievance process. *Thomas*, 337 F.3d at 733. A prisoner does not exhaust available administrative remedies when he files a grievance but "d[oes] not appeal the denial of that complaint to the highest possible administrative level." *Wright v. Morris*, 111 F.3d 414, 417 n. 3 (6th Cir. 1997), *cert. denied*, 522 U.S. 906 (1997); *see also Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999). A prisoner cannot abandon the process before completion and then assert that he exhausted his remedies, or that it is now futile for him to do so. *See Hartsfield v. Vidor,* 199 F.3d 305, 309 (6th Cir.1999)(*citing Wright*, 111 F.3d at 417 n. 3).

Plaintiff has attached copies of two grievances to his complaint. The first shows that Plaintiff did, indeed, file a grievance against defendant Sanders on the incident at issue. (Complaint, Attach. Griev. dtd. May 17, 2005) However, the staff member who reviewed that grievance wrote, "[I]t appears that you stepped up on Cpl. sanders and that he was creating space between you and him." (Complaint, Attach. Griev. dtd. May 17, 2005) In the second grievance, Plaintiff's objects to the determination made regarding the first grievance. (Complaint, Attach. Griev., dtd. June 20, 2005).

Although it is clear from the foregoing that Plaintiff filed a grievance in this matter, Plaintiff provides no information regarding whether he appealed the determination made by the reviewing officer. More particularly, Plaintiff does not say what action was taken, if any, when he raised his grievance to the next higher level in the grievance process, assuming that he did, or if there was no next higher level in process, that such was the case. A determination of these matter cannot be made from either the complaint (Complaint, ¶ II.2, p. 3), or from the grievances themselves.

3

As shown above, Plaintiff has failed to show that he exhausted the administrative remedies by filing his grievance to the "highest possible administrative law." A "prisoner may not exhaust administrative remedies during the pendency of the federal suit," *Freeman*, 196 F.3d at 645, and a prisoner is "not entitled to amend his complaint . . . to plead exhaustion of administrative remedies" for the purpose of avoiding *sua sponte* dismissal, *Baxter v. Rose*, 305 F.3d 486, 488 (6th Cir. 2002)(relying on *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997)).

An appropriate Order will be entered.

William J. Haynes, Jr.
United States District Judge
7-27-05